IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAREN CRANE,
        Plaintiff,

vs.                                                    Case No. 08-1055-JTM

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,
        Defendant.

MEMORANDUM AND ORDER

Presently before this court is plaintiff Karen Crane's petition for review of a final decision of the Commissioner of Social Security. (Dkt. No. 13). Crane's application for Social Security disability insurance benefits and supplemental security income benefits was denied on April 24, 2006, upon the determination by the Administrative Law Judge ("ALJ") that Crane was not disabled under sections 216(I), 223(d) and 1614(a)(3)(A) of the Social Security Act. For the following reasons, this court denies the appeal and affirms the decision of the ALJ.

On July 23, 2002, Crane protectively filed an application for supplemental security income and disability insurance benefits, alleging she had a disability that began on January 1, 2001. The claims were denied initially on March 7, 2003, and upon reconsideration on July 31, 2003. A hearing was held on October 13, 2004, and a supplemental hearing was held on June 14, 2005. In an order dated April 24, 2006, the ALJ found that the plaintiff was not disabled. On November 28, 2007, the Appeals Council denied Crane's request for review of the unfavorable decision rendering

the ALJ decision the final decision of the Commissioner. Crane then timely filed a complaint with this court. (Dkt. No. 1).

Crane claims the record shows she suffers from impairments of such severity and duration as to constitute a disability within the meaning of the Social Security Act, which would entitle her to Social Security disability benefits. She was born in 1958 and claims disability due to numbness in her legs and increasing muscle tightness/stiffness. (Tr. at 124). Her attorney alleges that Crane has mental impairments. (Tr. at 827). She earned a GED and has worked as a housekeeper and cook. (Tr. at 130 and 125).

The ALJ concluded that Crane had not engaged in substantial gainful activity at any time relevant to his decision. (Tr. at 22). He found that Crane had the following severe impairments: dysthymic disorder; learning disorder; degenerative disk disease-lumbar spine; subdural extramedullary mass, status post surgery; and migraine headaches. (Tr. at 22). The ALJ found "Ms. Crane has the following impairments which are not medically determinable: schizoaffective disorder, depressive type; rule out paranoid personality disorder; obsessive compulsive personality disorder; generalized anxiety disorder not otherwise specified; and personality disorder not otherwise specified." (Tr. at 25). Crane's mental impairments cause moderate restrictions on her daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation, of extended duration. (Tr. at 22-23). He further found that Crane did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 26). Specifically, the ALJ found that, after careful consideration of the entire record:

The claimant's musculoskeletal impairment does not meet a medical listing. There is no evidence of nerve root compression . . . . The claimant may have some discomfort and limitation of motion in the spine due to pain but there is no evidence . . . of being disabled.  The claimant is able to ambulate effectively . . . . The record documents that the claimant's headaches are controlled with medication.

. . . The claimant's activities of daily living are basically normal.  The claimant performs household chores and runs errands without assistance.  She is somewhat withdrawn.  However, the claimant socializes with family and friends.  The claimant is preoccupied with her impairments, which may affect her ability to concentrate.  Yet, she is able to take care of household chores and work on a regular basis outside of the home.  No treating source opines that the claimant's impairments meet a medical listing, and a review of the medical evidence does not support a finding of listing level impairments.

In determining equivalency, the Regulations limit the undersigned to considering medical facts alone . . . . No treating or lower level evaluating source has posited that the above non-listing level findings, either in combination or in light of other non-listed medical indictors, impose a level of debilitation which meets or equals any of those specified.  Therefore, the opinions of the state agency medical consultants are given significant weight and the claimant is not disabled due to meeting or equaling medical decisional criteria alone.

. . . [T]he claimant has the residual functional capacity to lift and/or carry 10 pounds, occasionally, less than 10 pounds, frequently.  The claimant can push and/or pull 10 pounds, occasionally, less than 10 pounds, frequently.  She can stand and/or walk 4 hours in an 8 hour workday, 60 minutes at a time.  She can sit about 5 to 6 hours in an 8 hour workday, and may need to alternate positions briefly after about 1 ½ hours.  The claimant has poor ability to understand, remember, and carry out complex instructions.  The claimant has the good ability to understand, remember and carry out simple job instructions.

(Tr. at 26-27)

This court's review is guided by the Social Security Act, which provides, in part, that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g). Accordingly, the court must determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir.2001).

3

Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion. *Castellano v. Sec'y of Health and Human Servs.,* 26 F.3d 1027, 1028 (10th Cir.1994); *Gossett v. Bowen,* 862 F.2d 804 (10th Cir.1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White,* 287 F .3d at 905 (quoting *Casias v. Sec'y of Health and Human Serv.,* 933 F.2d 799, 800 (10th Cir.1991)).

An individual is under a disability only if that individual can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue,* 501 F.Supp.2d 1303, 1306-07 (D.Kan.2007) (citing 42 U.S.C. § 423(d)). The impairment must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience. *Barnhart v. Walton,* 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005).

Pursuant to the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Allen v. Barnhart,* 357 F.3d 1140, 1142 (10th Cir.2004); 20 C.F .R. § 404.1520(a) (2003). The steps are followed in order, and if it is determined that the claimant is or is not disabled at a step of the evaluation process, evaluation under a subsequent step is unnecessary.

The first three steps require the Commissioner to assess whether claimant has engaged in substantial gainful activity since the alleged onset of the disability, whether she has severe impairments, and whether the severity of her impairments meets or equals a specific list of

impairments. *Williams v. Bowen,* 844 F.2d 748, 751 (10th Cir.1988). If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (RFC), which is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 416.920(e).

Upon assessing the claimant's RFC, the Commissioner can then move on to steps four and five, which require assessing whether the claimant can perform her past relevant work and whether she can generally perform other work in the national economy. *Williams,* 844 F.2d at 751. The claimant bears the burden throughout steps one through four to prove a disability that prevents performance of past relevant work. *Dikeman v. Halter,* 245 F.3d 1182, 1184 (10th Cir .2001). The burden then shifts to the Commissioner at step five to show other jobs in the national economy that are within the claimant's capacity to perform. *Haddock v. Apfel,* 196 F.3d 1084, 1088 (10th Cir.1999).

In this case, Crane argues that the ALJ failed in the following areas: 1) improperly evaluated her impairments; 2) failed to find that her impairment met listing §12.05C; 3) improperly found her not entirely credible; 4) improperly formulated her RFC; 5) improperly evaluated the medical opinions; and 6) improperly found she could perform work that existed in the national economy.

The ALJ noted three different medical sources, who were not treating sources, examined Crane on about one occasion each, and their opinions were not supported with any medically acceptable clinical or diagnostic data. (Tr. at 25). Crane maintains the ALJ's reasons were not sufficient to declare a disorder not medically determinable. (Dkt. No. 13 at 8-9). However, the regulations state that a "medically determinable impairment" must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and

laboratory diagnostic techniques.  *See* 20 C.F.R. §§404.1508, 416.908 (2008); Social Security Ruling 82-53.  The ALJ also noted that Crane was diagnosed by two master level therapists, who were not "acceptable medical sources" under the regulations.  (Tr. at 26, 766, 733 and 779).  *See* 20 C.F.R. §§ 404.1513, 416.913 (2008) (acceptable medical sources include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists and qualified speech-language pathologists).  Social Security Ruling (SSR) 06-03p provides that a medical opinion from an "acceptable medical source" is one factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an "acceptable medical source."  One of the therapists indicated his assessment was only based on Crane's statements and reports.  (Tr. at 779).  No symptom or combination of symptoms by itself can be the basis for a finding of disability unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment.  SSR 96-4p.  The ALJ properly evaluated Crane's impairments.

Crane alleges the ALJ improperly found her impairment did not meet listing §12.05C.  Crane must show 1) mental retardation; 2) a valid verbal, performance, or full scale IQ of 60 through 70; and 3) a physical or other mental impairment imposing an additional and significant work-related limitation of functions.  *See* 20 C.F.R. pt. 404, subpt. P, app 1, §12.05 (2008).  She did not attend special education classes and she obtained a GED.  (Tr. at 130 and 368).  Crane did not have any scores that fell within the range of 60 to 70 as required to meet listing §12.05C.  The ALJ noted no physician posited that Crane's impairments, either in combination or in light of other non-listed medical indicators, imposed a level of debilitation which equaled any listing.  (Tr. at 27).  The ALJ properly found Crane's impairments did not meet or medically equal a listed impairment.

Crane asserts that the ALJ improperly found her "not entirely credible." (Dkt. No. 13 at 19-22). The ALJ noted the medical evidence did not support the severity of pain Crane alleged. (Tr. at 28-29). In November 2004, Crane reported she was not taking any medications, suggesting that her medical condition had improved and she was stable. (Tr. at 28, 738). Impairments that can be reasonably controlled by medication, treatment, or surgery are not disabling. *See Wiley v. Chater*, 967 F. Supp. 446, 451 (1997). The ALJ also noted that Crane ambulated without an assistive device and reported an improved walking ability at the hearing. (Tr. at 29-30). An ALJ may consider his personal observations in his overall evaluation of the claimant's credibility. *See White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001). He also noted that while Crane complained of disabling pain she continued to work a job that required cleaning 10 to 12 rooms on a semi-busy day and that she worked two jobs at one time. (Tr. at 28, 29, 176-77 and 839). The ALJ's credibility findings must be affirmed if they are supported by substantial evidence on the record as a whole. *See Eillison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). The ALJ articulated the inconsistencies he relied on in discrediting Cranes's subjective complaints, and those inconsistencies are supported by the record.

Crane also claims the ALJ's RFC was not supported by substantial evidence and he erred in determining she could perform other work in the national economy. The record supports the ALJ's limitations for Cranes's physical and mental impairments. She did not retain the RFC to perform any of her past work (Tr. at 30) but a vocational expert testified and his testimony supported the ALJ's finding that she could perform the job of order clerk and ticket checker. (Tr. at 31, 881-82).

IT IS ACCORDINGLY ORDERED this 30th day of March, 2009, that the present appeal is hereby denied since the ALJ's finding is supported by substantial evidence in the record.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE